J-S74037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRIAN JAMES-PAUL HINES | |
| Appellant | No. 981 EDA 2016 |

Appeal from the PCRA Order February 18, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000843-2009

BEFORE: OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                **FILED OCTOBER 31, 2016**

Appellant, Brian James-Paul Hines, appeals from the February 18, 2016 order, denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On November 9, 2009, following a confrontation regarding a stolen heater, Appellant shot Gary Hoffner in the face.[1] Appellant turned himself in to the Pennsylvania State Police. He was advised of his **_Miranda_**[2] rights and gave two statements to state troopers. In his first statement, Appellant claimed that Mr. Hoffner drew a gun first, and during the ensuing struggle, the gun went off. Several hours later, after further questioning, Appellant

_____

[1] **_See_** PCRA Court Opinion (PCO), 5/5/16, at 2-4, for a more detailed factual history of this case.
[2] **_Miranda v. Arizona_**, 86 S. Ct. 1602 (1966).

[*] Former Justice specially assigned to the Superior Court.

gave a second statement, in which he admitted he had brought the gun to the scene and shot Mr. Hoffner.

Prior to trial, Appellant filed a motion to suppress the second statement, alleging that it was the product of a coercive interrogation. Appellant did not testify at the suppression hearing. After testimony and argument, the suppression court denied Appellant's motion.

A jury trial commenced July 18, 2011, and concluded on July 20, 2011. The jury found Appellant not guilty of attempted murder[3] but did find him guilty of the remaining charges: aggravated assault, firearms not to be carried without a license, simple assault, recklessly endangering another person, and terroristic threats. [4]

On October 17, 2011, and by amended order dated October 19, 2011, the trial court sentenced Appellant to 72 to 144 months of incarceration for aggravated assault and a consecutive 12 to 24 months of incarceration for firearms not to be carried without a license, followed by four years of probation.[5] Appellant retained new counsel for post-sentence proceedings.[6]

_____

[3] 18 Pa.C.S. § 901(a).

[4] 18 Pa.C.S. § 2702; 18 Pa.C.S. § 6106; 18 Pa.C.S. § 2701; 18 Pa.C.S. § 2705; 18 Pa.C.S. § 2706(a)(1), respectively. The trial court dismissed with prejudice the charge of terroristic threats.

[5] For purposes of sentencing, the sentences for simple assault and REAP merged with the sentence for aggravated assault.

[6] The procedural history following Appellant's sentence is somewhat complicated. Post-sentence counsel did not perfect Appellant's direct appeal. Subsequently, Appellant *pro se* filed a PCRA petition raising allegations of ineffective assistance of counsel and governmental

*(Footnote Continued Next Page)*

Appellant timely filed a direct appeal and court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued a responsive opinion.

On July 14, 2014, this Court affirmed Appellant's judgment of sentence and dismissed his claims relating to ineffective assistance of counsel without prejudice, as no colloquy had been conducted to determine whether Appellant had waived his right to PCRA review. **See Commonwealth v. Hines**, 105 A.3d 789 (Pa. Super. 2014) (unpublished memorandum). Appellant did not petition the Pennsylvania Supreme Court for allowance of appeal.

On January 17, 2015, Appellant *pro se* filed a timely PCRA petition.[7] Appointed counsel filed an amended petition on July 30, 2015. Appellant contended that trial counsel, Stephen Vlossak, was ineffective for failing to request a mistrial during the testimony of Trooper Patrick Finn; in advising Appellant not to testify at the suppression hearing and at trial; for failing to object and request a mistrial during the prosecutor's closing argument; and for failing to pursue Appellant's claim that his initials on his statement were

---
*(Footnote Continued)* ————————————

interference. The PCRA court held evidentiary hearings on December 18, 2012, and February 21, 2013. Following the evidentiary hearings, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. **See** PCRA Court Memorandum Opinion, 3/1/13, at 1-6.

[7] **See Commonwealth v. Turner**, 73 A.3d 1283, 1285 (Pa. Super. 2013) (noting that when a petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first petition for timeliness purposes.)

forged, a claim he later abandoned on appeal. Amended PCRA Petition at ¶ 18.

The PCRA court held an evidentiary hearing on October 15, 2015. Appellant testified that his second statement to the police was the result of coercive interrogation tactics and not voluntarily given, and that although he wished to testify at the suppression hearing and at trial, Mr. Vlossak advised him against it. *See* Notes of Testimony (N. T.), PCRA evidentiary hearing, 10/15/15, at 10-20, 24-26. Appellant admitted counsel informed him of his right to testify but claimed that he did not prepare and would not have known what to do on the stand. *Id.* at 26.

Mr. Vlossak, on the other hand, stated that Appellant did not express a desire to testify at the suppression hearing, and he advised Appellant not to testify. *See* N. T., at 45. He recommended Appellant not testify at trial after Appellant gave a "new" version of the shooting. *Id.* at 52. Mr. Vlossak was concerned that Appellant's differing accounts of the events would render his testimony unbelievable. *Id.* at 52-54. He discussed this recommendation again at the close of the Commonwealth's case with Appellant and his family. *Id.* at 52-54.

With regard to Appellant's other issues, Mr. Vlossak made numerous objections to Trooper Finn's statements and assumed that, as a result, the jury would understand that the testimony was improper. *See* N. T., at 56. Thus, he did not feel a mistrial was warranted. *Id*. at 60-61. Mr. Vlossak suggested that he does not interrupt another attorney's closing argument

out of respect. *See* N. T., at 62-63. Rather, he waits until his opponent has finished before asking for a specific instruction from the judge, which he did in the instant matter. *Id.* at 63.

On February 18, 2016, the trial court issued a memorandum opinion denying Appellant's petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises five issues on appeal, all relating to ineffective assistance of counsel:

> 1. Did the trial court err in not finding that trial counsel was ineffective for advising the defendant not to testify at the pre-trial suppression hearing?
>
> 2. Did the trial court err in not finding that trial counsel was ineffective for advising defendant not to testify at trial?
>
> 3. Did the trial court err in not finding that trial counsel was . . . ineffective for failing to repeatedly object and seek[] a mistrial when the investigating state trooper rendered his personal opinion that the defendant had lied?
>
> 4. Did the trial court err in not finding that trial counsel was ineffective for not objecting to, seeking an immediate curative instruction and not seeking a mistrial during the prosecutor's closing argument in which he repeatedly expressed his personal opinion that defendant lied while at the same time bolstering the testimony of prosecution witnesses?
>
> 5. Did the trial court err in not finding that the cumulative effect of trial counsel's errors prejudiced defendant to such an extent as to deprive him of a fair trial?

Appellant's Brief at 3-4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of

record and free of legal error.  *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  We afford the court's findings deference unless there is no support for them in the certified record.  *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant raises a number of issues relating to ineffective assistance of counsel.  Ultimately, they are meritless.

We presume counsel is effective.  *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).  To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.  *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted).  "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*  A claim will be denied if the petitioner fails to meet any one of these requirements.  *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first issue, Appellant contends that counsel was ineffective for advising Appellant not to testify at the pre-trial suppression hearing. According to Appellant, had he testified, he would have "explained the coercive nature" of the interviews. Additionally, he claims the decision not to testify had no reasonable basis, as the scope of any direct examination could have been limited to the interrogation interview. Appellant's Brief at 11 (citing Pa.R.Crim.P. 581(H) ("The defendant may testify at [a suppression] hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.")). Appellant's claim is without merit.

A decision to testify on one's own behalf is, ultimately,

> to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for failing to call the appellant to the stand, the appellant must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify on his own behalf.

*Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa. Super. 2003) (quoting *Commonwealth v. Thomas*, 783 A.2d 328, 334 (Pa. Super. 2001)). Counsel is not ineffective where the decision not to call the defendant was reasonable. *Id.* at 711; *see also Commonwealth v. Haynes*, 577 A.2d 564, 569 (Pa. Super. 1990) (noting that counsel does not act unreasonably when he advises a defendant not to testify at a suppression hearing to strategically avoid revealing the contents of testimony in advance of trial).

Counsel and Appellant testified at evidentiary hearings during the pendency of both Appellant's first and second PCRAs and the PCRA court, examining both evidentiary hearings, found credible trial counsel's testimony regarding his concern that Appellant would be subject to cross-examination by the prosecution, which would enable them to obtain additional evidence prior to trial, and that he discussed this concern with Appellant. *See Brown*, 48 A.3d at 1277 (noting that the findings of the PCRA court are treated with deference if supported by the record). Appellant himself admits that counsel advised him of his right to testify. Thus, Appellant cannot demonstrate that trial counsel interfered with his freedom to testify, nor can he demonstrate that the advice given was so unreasonable as to render him unable to make a knowing and intelligent decision regarding his testimony. *See Haynes*, 577 A.2d at 569.

Moreover, although Appellant claims that the direct examination could have been limited to the interrogation, his point is unconvincing. While direct examination may be limited, the right of cross-examination "extends beyond the subjects testified to on direct examination." *See Commonwealth v. Travaglia*, 661 A.2d 352, 360 (Pa. 1995) (citing *Commonwealth v. Dobrolenski*, 334 A.2d 268, 273 (Pa. 1975) ("The privilege against self-incrimination does not entirely shield a criminal defendant from cross-examination."))

Next, Appellant claims trial counsel was ineffective for advising Appellant not to testify at trial. According to Appellant, he could have explained "his side" of the story, namely that the second statement was not made voluntarily. Appellant's Brief at 16-18. Appellant's claim is without merit.

As noted above, Appellant must demonstrate either that counsel interfered with his freedom to testify, or that counsel gave specific advice so unreasonable that his decision was not knowing and intelligent; however, counsel is not ineffective where the decision not to call Appellant to the stand was reasonable. *See Todd*, 820 A.2d at 711.

In the instant case, the PCRA court credited counsel's testimony that Appellant's differing accounts of the shooting was problematic and, if subjected to cross-examination, would undercut counsel's strategy of relying upon Appellant's first statement to the police. After counsel made that recommendation, Appellant did not request to testify at trial again. We defer to the PCRA court's credibility determinations. *See Brown*, 48 A.3d at 1277. Counsel's express concern that Appellant's testimony would be impeached by the contents of his second statement was reasonable. Accordingly, counsel was not ineffective. *See Todd*, 820 A.2d at 711.

Appellant next claims that trial counsel was ineffective for not objecting to and failing to request a mistrial after Trooper Patrick Finn

testified that Appellant had lied in his first statement,[8] which usurped the jury's fact-finding function. We disagree, as the statement did not implicate the trooper's personal belief in Appellant's guilt, and to the extent that it may be interpreted in that light, it was not prejudicial.

A mistrial is to be granted "only when an incident is of such a nature that its unavoidable effect is to deprive Appellant of a fair trial." *Commonwealth v. Johnson*, 815 A.2d 563, 576 (Pa. 2002). Additionally, we have consistently held that a defendant is "entitled to a fair trial, not a perfect one." *Commonwealth v. English*, 699 A.2d 710, 715 (Pa. 1997). Further, this Court has previously held that a police officer's remarks, while improper, do not necessarily have the unavoidable effect of prejudicing a jury when made in the course of explaining the officer's investigatory process. *See generally Commonwealth v. Mancini*, 490 A.2d 1377, 1389 (Pa. Super. 1985). The situation is similar to our analysis when a prosecutor makes improper comments during a closing argument. *See, e.g., Commonwealth v. Chmiel*, 30 A.3d 1111, 1146-47 (Pa. 2011) (citation omitted) (noting that comments by a prosecutor constitute reversible error

_____

[8] Trooper Finn made statements such as: "you can hear in the interview he didn't know because he was making it up;" "he was thinking of what to say;" "I was questioning him about his inconsistency to see if he could tell the truth, which he eventually did;" "he was sticking to his initial story, which I knew was not the truth;" "I am not going to keep questioning him on the same thing and document his same non-truths;" "eventually he told the truth" and "he eventually changed his story dramatically." *See* Notes of Testimony (N. T. Trial), 7/18/11—7/20/11, at 122-23, 137, 141.

only where their unavoidable effect is to prejudice the jury such that they could not weigh the evidence objectively).

The record reflects that trial counsel did object four times to this testimony, and the trial court sustained three of those objections. *See* N. T. Trial at 122-23, 141. Appellant identifies three other instances in which Trooper Finn commented on Appellant's veracity and counsel did not object. *Id.* at 137, 141. However, prior to questioning Appellant, Trooper Finn had spoken with Mr. Hoffner and heard his version of events. *Id.* at 112. Trooper Finn continued to question Appellant based on inconsistencies with Appellant's story, his statement, his girlfriend's statement, and the victim's and witness's statements, all of which were eventually presented to the jury. *Id.* at 140.

Thus, we find that the testimony to which Appellant objects was intended to explain Trooper Finn's process of investigation and the reasons he continued to question Appellant following the first statement. Further, to the extent that Trooper Finn's remarks constitute improper opinion testimony, they were not prejudicial. The Commonwealth presented testimony, including that of Mr. Hoffner and his stepson, to show that other witnesses had already spoken to police officers prior to their interviewing Appellant and that the versions of events given by both parties differed significantly. Thus, the comments would not have had the unavoidable

effect of prejudicing the jury, as Trooper Finn's remarks did not constitute the sole evidence Appellant's testimony may not have been credible.

Finally, the trial court issued an extensive jury charge informing the jury that the credibility of witnesses was within their sole purview. *See* N. T. Trial at 335, 336, 342-43. We presume the jury follows the instructions of the court. *Commonwealth v. Cash*, 137 A.3d 1262, 1280 (Pa. 2016). Thus, Appellant has not shown how these remarks would have had an unavoidable effect on the jury, and counsel was not ineffective for failing to request a mistrial. *See Commonwealth v. Manley*, 985 A.2d 256, 266-67 (Pa. Super. 2009) (noting that the trial court may cure taint by issuing curative instructions).

Next, Appellant claims counsel was ineffective for his failure to object to the prosecutor's closing argument; his failure to seek an immediate curative instruction following the prosecutor's closing argument; and his failure to seek a mistrial following the prosecutor's closing argument. According to Appellant, the prosecutor's remarks were improper. Appellant explains that the prosecutor's argument was not "brief, passing, references to the prosecutor's opinion regarding the witnesses' truthfulness, but rather, blatant bolstering of Commonwealth witnesses and attacks on the credibility of [Appellant] and his girlfriend." Appellant's Brief at 23-28.

We note the following:

> The Commonwealth is entitled to comment during closing arguments on matters that might otherwise be objectionable or

even outright misconduct, where such comments constitute fair response to matters raised by the defense, or where they are merely responsive to actual evidence admitted during a trial. *See Commonwealth v. Trivigno*, 561 Pa. 232, 750 A.2d 243, 249 (2000) (plurality opinion) ("A remark by a prosecutor, otherwise improper, may be appropriate if it is in fair response to the argument and comment of defense counsel.") (citing *United States v. Robinson*, 485 U.S. 25, 31, 108 S.Ct. 864, 99 L.Ed.2d 23 (1998)); *Commonwealth v. Marrero*, 546 Pa. 596, 687 A.2d 1102, 1109 (1996). Furthermore, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." *Commonwealth v. Jones*, 542 Pa. 464, 668 A.2d 491, 514 (1995).

*Commonwealth v. Culver*, 51 A.3d 866, 876 (Pa. Super. 2012); *see also*

*Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009). A trial

court may remove taint through curative instructions. *See Manley*, 985

A.2d at 266-67.

We have reviewed all of the remarks highlighted by Appellant, and we

conclude that there was no prosecutorial misconduct during the closing

argument. Trial counsel attacked Mr. Hoffner's credibility, including his

conviction for burglary, alleged unauthorized entry into Appellant's van, and

inconsistent testimony between Mr. Hoffner and another Commonwealth

witness. Additionally, trial counsel referred to Appellant's first and second

statement, and he argued that the evidence supported the first version of

events, while the second statement was coerced.

Thus, the prosecutor's statements, implying that Appellant and other

defense witnesses may not have been credible, were "based on the evidence

or proper inferences therefrom." *Jones*, 668 A.2d at 514. Evidence was in

fact introduced to show that Appellant had given police contradictory statements, relied upon arguing that one statement was more reliable than the other, and argued repeatedly that the victim's testimony was not credible. The prosecutor fairly responded to trial counsel's arguments, based on the evidence and reasonable inferences drawn therefrom, and did not present his own opinion as to Appellant's guilt or innocence. *See Culver*, 51 A.3d at 876.

Appellant contends that if trial counsel had objected and immediately moved for a mistrial, this mistrial would have been granted. We disagree. First, while Appellant's trial counsel did not immediately object to any of these statements, nor did he request a mistrial at sidebar; the trial court did make a charge to the jury that it was the jurors' responsibility to determine the truthfulness of witnesses. *See* N. T. Trial, 306-07. We have not identified any clear prosecutorial error in the portions of the Commonwealth's closing argument cited by Appellant; these statements were either unobjectionable, oratorical flair, or fair response to arguments made by the defense. *See Culver*, 51 A.3d at 876. Accordingly, the PCRA court's dismissal of this claim was supported by the record and free of legal error.

Finally, Appellant claims that the cumulative effect of these errors deprived him of a fair trial. Appellant's Brief at 31. The Pennsylvania Supreme Court has stated that:

> It is well-settled that no number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually. Accordingly, where ineffectiveness claims are rejected for lack of arguable merit, there is no basis for an accumulation claim. When the failure of the individual claims is grounded in lack of prejudice, however, then the cumulative prejudice from those individual claims may be properly assessed.

*Commonwealth v. Busanet*, 54 A.3d 35, 75 (Pa. 2012) (citations and quotation marks omitted). Because we do not base our decision on the prejudice prong of the ineffective assistance of counsel test, Appellant's accumulation claim fails. *See Busanet*, 54 A.3d at 75; *see also Commonwealth v. Rollins*, 738 A.2d 435, 452 (Pa. 1999) (finding that because none of Appellant's claims entitled him to relief, his accumulation claim likewise failed because "no quantity of meritless issues can aggregate to form a denial of due process") (citation omitted).

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition following an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016

- 15 -